### ZELLER ET AL. *v.* SWITZER.

Where the Supreme Court of a State on appeal overruled an exception which had been sustained in a lower court, and, on setting aside the judgment below, remanded the case to be proceeded with according to law, — *Held*, that the judgment of such Supreme Court was not final, and that the writ of error must be dismissed.

ERROR to the Supreme Court of the State of Louisiana.

This action was brought upon a bond given to release the steamboat "Frolic" from a provisional seizure. The defendants answered the petition Nov. 25, 1870, setting up several defences, and, Dec. 5, 1870, filed a peremptory exception. The court below, upon hearing, sustained this exception, and gave judgment in favor of the defendants. The defences set up in the answer were not passed upon.

From this judgment an appeal was taken to the Supreme Court, where a judgment was entered as follows: —

"On appeal from the Second Judicial Court, parish of Jefferson, it is ordered and adjudged that the judgment of the lower court be set aside; that the exception be overruled; that the case be remanded to be proceeded with according to law; and that the appellee pay costs of appeal."

To reverse this judgment the present writ of error has been prosecuted.

*Mr. John A. Grow* moved to dismiss the writ of error for want of jurisdiction, the judgment below not being final.

*Mr. E. T. Merrick* and *Mr. G. W. Race, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We think this motion must be granted. The judgment is one of reversal only, and the case is remanded to be proceeded with according to law. The Supreme Court decided that the defence set forth in the peremptory exception was not good; and that is all that court decided. The case was, therefore, sent back for trial upon the defences set up in the answer, or any other that might be properly presented. If the decision below upon the exception had been correct, such a trial would have been unnecessary. The Supreme Court having decided that it was not correct, the inferior court must now proceed further. This brings the case within our ruling at the present term in *Ex parte French, supra,* p. 423.

*The writ is dismissed.*