OLAVARRÍA ET AL., PLAINTIFFS AND APPELLANTS, *v.* PORTO RICO RAILWAY, LIGHT & POWER CO., DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2065.—Decided April 29, 1920.

APPEAL—REMAND—DISCRETION OF COURT.—The remand of a case by the Supreme Court to the lower court for further proceedings does not necessarily mean that the case shall be reopened. The court below should exercise a certain amount of discretion.

ID.—When a case is appealed again the appellate court may always interpret its own mandate.

The facts are stated in the opinion.

*Messrs. Leopoldo* and *Herminia Tormes* and *Carmelo Honoré* for the appellants.

*Mr. J. H. Brown* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On July 24th, 1918, this court rendered a judgment in this same litigation which reversed the judgment of the lower court and sent the case back to that court along with the opinion of this court on which our judgment was founded. In that opinion we said that the judgment must be reversed and the case remanded.

Thereafter in the court below on August 7, 1918, a motion to amend, accompanied by an amended complaint, was filed. The statement of the case shows that the defendant acknowledged receipt only of the amended complaint. On September 6, 1918, the defendant came in and asked for

judgment. On March 10, 1919, and not apparently in response to the motion to amend the complaint, the court, by an order, struck out the amended complaint, saying in the said order that the complainant had filed an amended complaint; that after an answer or demurrer an amended complaint might not be filed without leave of court, and that leave to amend had not been requested or obtained. The court was evidently unconscious of the fact that a motion to amend had been filed and the record does not show that a copy of the motion itself was served on the defendant, although the complainant says the said motion was so notified. In April, 1919, the court, in a reasoned opinion and after reviewing the proceedings, said, among other things, that the court might not open the proceedings to permit a new trial and therefore the court ordered a judgment for the defendant which was rendered and entered on April 7, 1919.

In their brief the appellants say, although we do not understand why, that there was no motion for reconsideration presented, but we think that is exactly what the appellants should have asked. The court ought to have been given an opportunity to pass on the question of whether an amendment should be allowed, which was, we think, the only thing open for the complainants to do under the condition of the record. Without a motion to amend before it a court would necessarily feel, under like circumstances, that it had no recourse except to render judgment for the defendant. The judgment of the court recites that the parties are before it by reason of the motion of the defendant. The record does not disclose that the motion to amend was properly notified. This would be a reason *pro forma* for affirming the judgment of the court below.

Appellants maintain that when a case is remanded, as here, it is always for further proceedings, but the authorities are somewhat in conflict on the point, with the tendency in favor of a certain discretion in the court below.

*Ex parte French,* 91 U. S. 423; *Zeller et al.* v. *Switzer,* 91 U. S. 487; *In re Sanford Fork & Tool Company,* 161 U. S. 256; 4 C. J. 1228; 4 C. J. 1227. These citations and our own experience convince us that a remand does not necessarily mean a reopening of the case.

Appellants also show, with numerous citations, that the almost invariable practice of this court is to render judgment here unless the court think further proceedings should be had. We find sufficient authority to the effect that the appellate court may always, when the case is appealed, again interpret its own mandate. *In re Sanford Fork & Tool Company, supra,* and its citations in 17 Rose's Notes, 406.

When we sent the case back it was merely because at the moment we were somewhat doubtful whether anything could or should be done in the court below. Memoranda that we have before us convince us of this. We are now, however, satisfied from the analysis made by the court below that even if a motion for an amendment had been fully before it its discretion should have been exercised to deny the motion. It appears that the sole ground on which the court below originally based its judgment was the alleged undue velocity of the electric car, and there was no showing at the trial that the spot where the accident occurred was a dangerous one and no negligence was shown in this regard, or in regard to any of the other averments of the complaint. *Olavarría et al.* v. *Porto Rico Railway Light & Power Company,* 26 P. R. R. 584. The appellants are mistaken when they say that one of the grounds of our reversal was that we were cited to no jurisprudence holding that it was negligence to run a car at a high rate of speed at a dangerous spot. The opinion, *supra,* shows otherwise. As shown in the analysis made by the court below, the complaint alleged various grounds of negligence and proved none of them.

For these reasons the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.