OLAVARRÍA ET AL., DEMANDANTES Y APELANTES, *v.* PORTO RICO RAILWAY, LIGHT & POWER CO., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera en pleito sobre daños y perjuicios.

No. 2065.—Resuelto en abril 29, 1920.

APELACIÓN—DEVOLUCIÓN DEL CASO A LA CORTE INFERIOR PARA ULTERIORES PROCEDIMIENTOS—DISCRECIÓN DE LA CORTE INFERIOR.—La devolución del caso por la Corte Suprema a la inferior para ulteriores procedimientos no significa necesariamente que el caso vuelva a abrirse nuevamente. La corte inferior debe tener cierta discreción.

ID.—TRIBUNAL SUPREMO—FACULTAD PARA INTERPRETAR SUS DECISIONES.—El Tribunal Supremo, al ser apelado nuevamente un caso puede siempre interpretar su propia decisión.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Herminia y Leopoldo Tormes y Carmelo Honoré.*

Abogado de la apelada: *Sr. J. H. Brown.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En 24 de julio de 1918 este tribunal dictó una sentencia

en este mismo litigio por la que se revocaba la sentencia dictada por la corte inferior y devolvían las actuaciones a esa corte con la opinión de este tribunal que sirvió de fundamento a nuestra sentencia. En esa opinión dijimos que era de revocarse la sentencia y devolverse el caso para ulteriores procedimientos.

Posteriormente en la corte inferior el día 7 de agosto de 1918 fué radicada una moción para enmendar, acompañada de una demanda enmendada. La exposición del caso muestra que la demandada solo acusó recibo de la demanda enmendada. En seis de septiembre de 1918 compareció la demandada y solicitó que se dictara sentencia. En 10 de marzo, 1919, y al parecer no resolviendo la moción para enmendar la demanda, la corte por medio de una orden eliminó la demanda enmendada haciendo constar en dicha orden que la demandante había presentado una demanda enmendada; que después de presentada una contestación o excepción previa no cabía radicarse una demanda enmendada si no se obtiene previo permiso de la corte y que tal permiso para hacer enmiendas no había sido solicitado ni concedido. La corte evidentemente no tenía conocimiento del hecho de haber sido radicada una moción sobre enmiendas y los autos no muestran que una copia de la moción misma había sido notificada a la demandada si bien el demandante dice que la referida moción fué de tal modo notificada. En abril de 1919 la corte, en una razonada opinión, después de analizar los procedimientos dijo entre otras cosas que la corte no podría abrir de nuevo el juicio para oir más pruebas y por tanto que se registrara sentencia a favor de la demandada, la cual fué dictada y registrada en abril 7 de 1919.

Sostienen los apelantes en su alegato, aunque no entendemos por qué, que no se presentó ninguna moción de reconsideración, pero creemos que eso es precisamente lo que los apelantes debieron haber solicitado. Debió haberse dado a la corte una oportunidad para considerar la cuestión de si debía o no permitirse hacer la enmienda, cosa que según

creemos era lo único que podían hacer los demandantes, dadas las condiciones de los autos. De no haber una moción para enmendar ante ella, una corte necesariamente se sentiría bajo las mismas circunstancias como que no había otro recurso que dictar sentencia a favor de la demandada. En la sentencia de la corte se dice que las partes están ante ella debido a la moción presentada por la demandada. De los autos no aparece que la moción para enmendar fué debidamente notificada. Esta sería una razón *pro forma* para confirmar la sentencia de la corte inferior.

Los apelantes sostienen que al ser devuelto un caso, como éste, siempre es para ulteriores procedimientos, pero las autoridades están algo en conflicto sobre la cuestión con la tendencia en favor de que la corte inferior debe tener cierta discreción. *Ex parte French,* 91 U. S. 423; *Ex parte Zeller et al.* v. *Switzer,* 91 U. S. 487; *In re Sandford Fork and Tool Company,* 161 U. S. 256; 4 C. J. 1228; 4 C. J. 1227. Estas citas y nuestra misma experiencia nos convencen de que la devolución de las actuaciones no significa necesariamente que el caso vuelva a abrirse nuevamente.

Alegan también los apelantes con numerosas citas que la práctica casi invariable de este tribunal es dictar sentencia aquí, a no ser que la corte crea que deban tener lugar ulteriores procedimientos. Encontramos suficientes autoridades al efecto de que la corte de apelación al ser apelado nuevamente un caso puede siempre interpretar su propia decisión. *In re Sandford Fork and Tool Company, supra,* y sus citas en las notas de Roses, tomo 17 pág. 406.

Cuando devolvimos el caso fué simplemente porque de momento estábamos algo dudosos respecto a si debía o podía hacerse alguna cosa en la corte inferior. Los antecedentes que tenemos ante nuestra consideración nos convencen de esto. Estamos ahora, no obstante, satisfechos en vista del análisis hecho por la corte inferior, de que aun cuando se hubiera presentado debidamente a dicha corte una moción para hacer enmiendas debió la corte haber ejercitado

su discreción para negarla. Resulta que el único fundamento en que basó originalmente la corte su sentencia fué la alegada indebida velocidad del carro eléctrico y no se demostró en el juicio que el sitio en que el accidente ocurrió era peligroso, y en que no se probó ninguna negligencia en este sentido o en cuanto a cualquiera de las demás alegaciones de la demanda. *Olavarría et al.* v. *Porto Rico Railway L. & Power Company*, 26 D. P. R. 645. Los apelantes se equivocan al decir que uno de los fundamentos de nuestra sentencia revocatoria fué que no se nos citó ninguna jurisprudencia acerca de que constituía negligencia el correr un carro a gran velocidad en un sitio peligroso. La opinión *supra* muestra lo contrario. Según aparece del análisis que hizo la corte inferior, en la demanda se alegaban varias causas de negligencia ninguna de las cuales fué probada.

Por estas razones la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.